IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE SALVADOR RIVERA-AVILA,

    Plaintiff,

v.                                             Case No. 5:18-cv-37-MCR-GRJ

WARDEN BLACKMON, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the Court on ECF No. 26, Plaintiff's Third Amended Complaint. Plaintiff, an inmate confined at FCI Marianna, initiated this lawsuit by filing a civil rights complaint on January 23, 2018. ECF No. 1. His original complaint alleged that Defendants violated his constitutional rights by discarding a box containing Plaintiff's "hobby-craft" items and by retaliating against him for filing grievances complaining that he was denied his property. He named as Defendants Mr. Blackmon, Warden of FCI Marianna, Mr. Butts, Associate Warden, Ms. Hooks, Case Management Coordinator, Mr. McCord, Recreation Supervisor, and Mr. Patrick, R&D Officer—all in their official capacities only.

Upon an initial screening of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff failed to sufficiently

1

allege the defendants violated his constitutional rights. ECF No. 4. However, because of Plaintiff's *pro se* status, the Court provided him with an opportunity to file an amended complaint alleging only a First Amendment retaliation claim against Defendants for injunctive relief.

Plaintiff then filed a First Amended Complaint. ECF No. 9, The Court, however, found that Plaintiff failed to state a claim for retaliation because he failed to allege facts establishing a causal relationship between Defendants' conduct and Plaintiff's filing of grievances. ECF No. 11. The Court provided Plaintiff another opportunity to amend, and, thereafter, Plaintiff filed a Second Amended Complaint naming Mr. Patrick, Mr. McCord, and Ms. Hooks. ECF No. 18.

As to the Second Amended Complaint, the Court again found that Plaintiff failed to allege facts establishing a causal relationship between Defendants' conduct and Plaintiff's filing of grievances but allowed Plaintiff one final opportunity to amend. ECF No. 20. Plaintiff filed the Third Amended Complaint now before the Court. ECF No. 26.

The factual allegations set forth in Plaintiff's Third Amended Complaint are as follows. Plaintiff was transferred to FCI Marianna on or about March 21, 2017. *Id.* at 7. A box of his personal property, including his hobby-craft items, arrived at the unit roughly one month later on April 18,

and was initially held by Mr. Patrick awaiting transfer to the recreation department. *Id.* at 5. According to Plaintiff, a week later, Mr. Patrick and Ms. Hooks denied Plaintiff's request for his property because the property box exceeded the limit of boxes permitted by the Bureau of Prisons (BOP). *Id.* Plaintiff then spoke to Mr. McCord, who also denied Plaintiff's request for his property. *Id.* at 6.

At that point, Plaintiff began his pursuit of administrative remedies by filing a BP-8.5 Informal Resolution Request, which went unanswered. *Id.* He then filed a BP-9, Administrative Remedy Request. *Id.* The Warden denied Plaintiff's BP-9 because both Ms. Hooks and Mr. McCord told the Warden they had dealt with the situation. *Id.* at 9. Within two days of filing the BP-9, officers began searching Plaintiff's cell "at first twice a week by certain Officers, to the point that it [e]scalated to an everyday thing, targeting specifically the items [Plaintiff] make[s] for [his] hobby-craft, all of which [he has] authorization to possess." *Id.* at 6-7.

According to Plaintiff, the fact that the officers specifically targeted his hobby-craft items clearly demonstrates retaliation against Plaintiff for having sought administrative relief against the Defendants for their role in discarding his hobby-craft box. *Id.* at 7. Plaintiff states he endured "continuous" cell searches for the fourteen months prior to filing this lawsuit,

3

however, the searches slowed to at least twice a month once Plaintiff filed this action. *Id.* at 9.

Plaintiff cites, as further proof of retaliation, an incident in which a correctional officer named "J. White" confiscated Plaintiff's hobby-craft materials on October 22, 2017. *Id.* at 7, 9. Officer White approached Petitioner on October 8 and 11, 2017, to tell him he was not allowed to work on his hobby-craft during her shift. *Id.* at 9.

On October 22, she confiscated the hobby-craft items she had observed Plaintiff working on the previous two weekends after Plaintiff complained to a superior officer named Lieutenant Barber about Officer White's "antagonism" and "harassment." *Id.* at 10. Although Plaintiff provided proof of authorization to possess the items, Officer White nevertheless submitted an Incident Report about the contraband. *Id.* Plaintiff asserts Officer White did this to teach him a lesson, intimidate him, and make him desist from seeking administrative remedies against the Defendants. *Id.*

Plaintiff asserts there is a causal relationship between the retaliatory action and the protected speech based on the following:

> "[D]efendants were perfectly aware that [Plaintiff] had initiated and filed the Administrative Remedy Process consequently resulting [in] the [Plaintiff]'s continued cell searches, specifically targeting the [Plaintiff]'s hobby-craft items as it was demonstrated by the retaliatory

4

actions of C/O J. White on October 22, 2017, and supported by the actions of Operations Lt. Hobbs and Confiscation Lt. Sherman, as well as by the supporting decision of Case Manager Ms. Bozeman on October 26, 2017, which clearly demonstrate that said actions prove that there is a causal relationship between the retaliatory actions and the protected speech since said actions were retaliatory in nature and used as a way to intimidate the petitioner to desist from continuing with the filing of the Administrative Remedy Process."

*Id.* at 10.[1]

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (abrogated on other grounds)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading

---

[1] It is unclear from the Complaint what role "Lt. Hobbs," "Lt. Sherman," and "Ms. Bozeman" had in the confiscation of Plaintiff's property.

5

[by a *pro se* litigant] in order to sustain an action." *GJR Investments. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*, 129 S. Ct. 1937).

The Eleventh Circuit has established a three-part test to determine whether a plaintiff has an actionable First Amendment claim. The plaintiff must establish each of the three elements:

(1) his speech was constitutionally protected;

(2) he suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and

(3) there is a causal relationship between the retaliatory action and the protected speech.

*Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005); *see also Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir. 2008).

Concerning the first two elements, Plaintiff has adequately alleged facts to support a retaliation claim. Specifically, Plaintiff alleges that his constitutionally protected speech involved the filing of grievances against prison officials. *See Smith*, 532 F.3d at 1276 ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement.").

6

Plaintiff also alleges that since he filed these grievances, he has been subjected to frequent, pre-textual cell searches, which the Court finds, for the purpose of screening, would likely deter a person of ordinary firmness from filing future grievances. But as to the third element, despite amending his Complaint three times, Plaintiff nevertheless fails to establish the requisite causation to state a claim for retaliation.

To state a claim for retaliation, an inmate must show "that a prison official's actions were '*the result of* [the inmate's] having filed a grievance concerning the conditions of his imprisonment.'" *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)). And to establish causation—the third element—"the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." *Burns v. Warden, USP Beaumont*, 482 F. App'x 414, 417 (11th Cir. 2012) (quoting *Smith*, 532 F.3d at 1278).

While Plaintiff makes a conclusory allegation regarding the connection between his filing of grievances and the frequent cell searches, he has failed to allege facts adequate to show the existence of a causal relationship between the protected speech and the retaliatory action. More specifically, he has failed to allege that Defendants actually knew that he

7

filed grievances and thus acted in retaliation for his filing of grievances or that Defendants were in any way responsible for the allegedly retaliatory searches of Plaintiff's cell.

As to the incident on October 22, 2017, wherein Officer White allegedly confiscated one of Plaintiff's hobby-craft items, Plaintiff also fails to establish that Officer White's conduct was retaliation for Plaintiff's administrative complaints against Defendants. Plaintiff does not allege facts demonstrating that Officer White knew about his history with the defendants or that she acted at the direction of the defendants when she confiscated the items. The fact that she "targeted" Plaintiff's hobby-craft items is also insufficient to establish retaliation for the administrative complaints against Defendants.

Moreover, by his own admission, Plaintiff states that Officer White confiscated the items not because Plaintiff complained about the defendants in this case, but because Plaintiff complained to Lieutenant Barber about Officer White's "harassment" and "antagonism." Plaintiff cannot demonstrate that Officer White was subjectively motivated to discipline Plaintiff for filing grievances against the defendants. Thus, Plaintiff fails to adequately allege the third element of a retaliation claim.

The Court has granted Plaintiff more than sufficient opportunities to state a claim, but Plaintiff has failed to do so during the eight months this case has been pending. While the Court recognizes that Plaintiff is proceeding *pro se*, and the Court has taken this into account, the Court cannot serve as surrogate counsel for Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that: Plaintiff's Third Amended Complaint, ECF No. 26, should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of September, 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**